[782 NYS2d 122]

In the Matter of GERARD A. WISLA (Admitted as GERARD ARTHUR WISLA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 27, 2004

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset, for petitioner.

*Gerard A. Wisla*, Hicksville, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

In 2003 three separate superior court informations were filed in Queens County charging the respondent with criminal conduct. Superior court information No. 2256/03 charged the respondent with grand larceny in the third degree a class D felony, in violation of Penal Law § 155.35 and practicing law after being suspended, in violation of Judiciary Law § 486. Superior court information No. 2257/03 charged the respondent with falsifying business records in the first degree, a class E felony, in violation of Penal Law § 175.10 and practicing law after being suspended. Superior court information No. 2258/03 charged the respondent with grand larceny in the third degree.

On October 17, 2003, the respondent entered a plea of guilty as charged as to each information before the Honorable Dorothy Chin-Brandt in the Supreme Court, Queens County. On March 31, 2004, the respondent was sentenced by the Honorable Stephen Knopf, inter alia, to five years probation on each felony count and three years probation on each misdemeanor count to run concurrently, restitution in the sum of $134,850, and a $1,000 fine.

By letters dated October 17, 2003, and March 31, 2004, the respondent informed the Court of his felony convictions, his consent to an order directing him to make restitution to the Lawyers' Fund for Client Protection (hereinafter the Lawyers' Fund), and his payment of a $25,000 attorney trust account check payable to the Lawyers' Fund towards his restitution obligation.

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony.

Accordingly, the petitioner's motion is granted, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and LUCIANO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gerard A. Wisla, admitted as Gerard Arthur Wisla, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Gerard A. Wisla, admitted as Gerard Arthur Wisla, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gerard A. Wisla, admitted as Gerard Arthur Wisla, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Gerard A. Wisla, admitted as Gerard Arthur Wisla, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).